UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRIAN T. ALLISON,

      Petitioner,

v.                                  Case No:  2:13-cv-861-FtM-38MRM

SECRETARY, DOC and FLORIDA
ATTORNEY GENERAL,

      Respondents.[1]
_____/

**OPINION AND ORDER[2]**

    This matter comes before the Court upon a petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2254 by Brian T. Allison ("Petitioner"), a prisoner presently confined at the Jefferson Correctional Institution in Monticello, Florida (Doc. 1, filed December 11, 2013).  Petitioner attacks the convictions and sentences entered by the Twentieth Judicial Circuit Court in Collier County, Florida for burglary and grand theft. *Id.*

---

[1] When the petitioner is incarcerated and challenges his present physical confinement "the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 436 (2004)(citations omitted).  In Florida, the proper respondent in this action is the Secretary of the Florida Department of Corrections. Therefore, the Florida Attorney General will be dismissed from this action.

[2] Disclaimer:   Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.   These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.   Likewise, the court has no agreements with any of these third parties or their Web sites.   The court accepts no responsibility for the availability or functionality of any hyperlink.   Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

Respondent filed a response to the petition (Doc. 13).   Despite being granted an opportunity to do so (Doc. 16), Petitioner filed no reply.

Petitioner raises nine claims in his petition.   Upon due consideration of the pleadings and the state court record, the Court concludes that each claim must be dismissed or denied.   Because the petition can be resolved on the basis of the record, an evidentiary hearing is not warranted.   *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (if the record refutes the factual allegations in the petition or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing).

## I.      Background and Procedural History

On February 2, 2006, Petitioner was charged by information with one count of burglary of an unoccupied dwelling in violation of Florida Statute § 810.02(3)(b) and one count of grand theft, in violation of Florida Statute § 812.014(2)(c)(1) (Ex. 1).[3]   After a jury trial, Petitioner was found guilty as charged (Ex. 10; Ex. 10a; Ex. 3).   He was sentenced as a habitual felony offender to thirty years in prison on count one and a concurrent sentence of five years in prison on count two (Ex. 4; Ex. 4a).   Florida's Second District Court of Appeal *per curiam* affirmed Petitioner's convictions and sentences (Ex. 8); *Allison v. State*, 965 So. 2d 1147 (Fla. 2d DCA 2007).

Petitioner filed a motion and several amended motions for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (collectively, "Rule 3.850 motion") (Ex. 10 at 1-51).   An evidentiary hearing was held on August 5, 2011 (Ex. 10b at 609-41).   Afterwards, each claim was denied in a written order. *Id.* at 489-94.

---

[3] Citations to appendices or exhibits are to those filed by Respondent on August 25, 2014 (Doc. 15).   Citations to the trial transcript, located in exhibit ten, will be cited as (T at __).

Florida's Second District Court of Appeal *per curiam* affirmed (Ex. 13); *Allison v. State*, 140 So. 3d 586 (Fla. 2d DCA 2013).

On October 19, 2011, Petitioner filed a motion to correct his sentence pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure (Ex. 15).   The motion was denied by the post-conviction court (Ex. 19).   Florida's Second District Court of Appeal *per curiam* affirmed (Ex. 25).

Petitioner filed his 28 U.S.C. § 2254 in this Court on December 11, 2013 (Doc. 1).

## II.   Governing Legal Principles

### A.   Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).   This standard is both mandatory and difficult to meet.   *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014).   A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits which warrants deference.   *Ferguson v. Culliver*, 527 F.3d 1144, 1146 (11th Cir. 2008).   Notably, a state court's violation of <u>state</u> law is not sufficient to show that a petitioner is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Wilson v. Corcoran*, 562 U.S. 1, 16 (2010).

"Clearly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time

the state court issued its decision. *White*, 134 S. Ct. at 1702; *Carey v. Musladin*, 549 U.S. 70, 74 (2006) (citing *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). That said, the Supreme Court has also explained that "the lack of a Supreme Court decision on nearly identical facts does not by itself mean that there is no clearly established federal law, since 'a general standard' from [the Supreme Court's] cases can supply such law." *Marshall v. Rodgers*, 133 S. Ct. 1446, 1449 (2013) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). State courts "must reasonably apply the rules 'squarely established' by [the Supreme] Court's holdings to the facts of each case. *White*, 134 S. Ct. at 1706 (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009)).

Even if there is clearly established federal law on point, habeas relief is only appropriate if the state court decision was "contrary to, or an unreasonable application of," that federal law. 29 U.S.C. § 2254(d)(1). A decision is "contrary to" clearly established federal law if the state court either: (1) applied a rule that contradicts the governing law set forth by Supreme Court case law; or (2) reached a different result from the Supreme Court when faced with materially indistinguishable facts. *Ward v. Hall*, 592 F.3d 1144, 1155 (11th Cir. 2010); *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003).

A state court decision involves an "unreasonable application" of the Supreme Court's precedents if the state court correctly identifies the governing legal principle, but applies it to the facts of the petitioner's case in an objectively unreasonable manner, *Brown v. Payton*, 544 U.S. 133, 134 (2005); *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Bottoson*, 234 F.3d at 531 (quoting *Williams*, 529 U.S. at 406). The petitioner must show that the state

court's ruling was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *White*, 134 S. Ct. at 1702 (quoting *Harrington v. Richter*, 562 U.S. 86 (2011)).   Moreover, "it is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by [the Supreme] Court." *Knowles*, 556 U.S. at 122.

Finally, when reviewing a claim under § 2254(d), a federal court must bear in mind that any "determination of a factual issue made by a State court shall be presumed to be correct[,]" and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Burt v. Titlow*, 134 S. Ct. 10, 15 (2013) ("[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.") (quoting *Wood v. Allen*, 558 U.S. 290, 293 (2010)).

**B.   Standard for Ineffective Assistance of Counsel**

In *Strickland v. Washington*, the Supreme Court established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. 466 U.S. 668, 687-88 (1984).   A petitioner must establish that counsel's performance was deficient and fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense. *Id.*   This is a "doubly deferential" standard of review that gives both the state court and the petitioner's attorney the benefit of the doubt.   *Burt*, 134 S. Ct. at 13 (citing *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011)).

The focus of inquiry under *Strickland*'s performance prong is "reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688-89.   In reviewing

counsel's performance, a court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance."   *Id.* at 689. Indeed, the petitioner bears the heavy burden to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable[.]" *Jones v. Campbell*, 436 F.3d 1285, 1293 (11th Cir. 2006).   A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," applying a "highly deferential" level of judicial scrutiny. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (quoting *Strickland*, 466 U.S. at 690).

As to the prejudice prong of the *Strickland* standard, Petitioner's burden to demonstrate prejudice is high. *Wellington v. Moore*, 314 F.3d 1256, 1260 (11th Cir. 2002). Prejudice "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687.   That is, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

### C.   Exhaustion and Procedural Default

The AEDPA precludes federal courts, absent exceptional circumstances, from granting habeas relief unless a petitioner has exhausted all means of available relief under state law.   Exhaustion of state remedies requires that the state prisoner "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights[.]" *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard v. Connor*, 404 U.S. 270, 275-76 (1971)). The petitioner must apprise the state court of the federal constitutional issue, not just the

underlying facts of the claim or a similar state law claim.   *Snowden v. Singletary*, 135 F.3d 732 (11th Cir. 1998).   In addition, a federal habeas court is precluded from considering claims that are not exhausted but would clearly be barred if returned to state court. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (if a petitioner has failed to exhaust state remedies and the state court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for federal habeas purposes regardless of the decision of the last state court to which the petitioner actually presented his claims). Finally, a federal court must dismiss those claims or portions of claims that have been denied on adequate and independent procedural grounds under state law. *Coleman*, 501 U.S. at 750.   If a petitioner attempts to raise a claim in a manner not permitted by state procedural rules, he is barred from pursuing the same claim in federal court. *Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir. 1994).

Procedural default will be excused only in two narrow circumstances.   First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default.   "To establish cause for a procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999) (internal quotation marks omitted).   To establish prejudice, a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003).

The second exception, known as the fundamental miscarriage of justice, only occurs in an extraordinary case, where a "constitutional violation has probably resulted in

the conviction of one who is actually innocent[.]" *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986).   Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States,* 523 U.S. 614, 623 (1998).   To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995).   In addition, "[t]o be credible, a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup,* 513 U.S. at 324).

### III.   Analysis

### A.   Claim One

Petitioner asserts that the trial court erred when it permitted a crime lab analyst for the Florida Department of Law Enforcement to testify about footprints retrieved from the crime scene without having first been designated as an expert witness in pretrial discovery (Doc. 1 at 6).   Specifically, Petitioner claims that "the trial court failed to conduct a proper *Richardson*[4] hearing where the court failed to make a specific finding on whether the discovery violation was inadvertent or willful." *Id.*

Petitioner raised this claim on direct appeal (Ex. 6).   In his appellate brief, he asserted that the trial court determined that there had been a discovery violation but that Petitioner had not been prejudiced by the state's failure. *Id.* at 18.   Petitioner argued, in terms of state law only, that:

> [T]he trial court was also obligated to determine whether the
> violation was willful and whether the violation was substantial
> before making its determination to admit the testimony and

---

[4] In *Richardson v. State*, 246 So. 2d 771 (Fla. 1971) the Florida Supreme Court held that if the state fails to comply with a discovery rule, the court must conduct an inquiry into the circumstances of the violation.

> evidence in the face of an admitted discovery violation. Wherefore, the trial court erred in admitting the undisclosed expert witness testimony and the undisclosed photographs.

*Id.* Florida's Second District Court of appealed denied the claim (Ex. 8).

Respondent asserts that this ground is procedurally barred because Petitioner did not present its constitutional dimension to the state court (Doc. 13 at 14). Respondent also asserts that the trial judge made the necessary findings under *Richardson* and that "[i]t is not the province of a federal court to re-examine state court determinations on state-law questions." *Id.* at 20 (citing *Estelle v. McGuire*, 502 U.S. 62, 72 (1991)). The Court agrees with both of Respondent's assertions.

Petitioner's state law arguments presented on direct appeal leave § 2254(b)(1)'s exhaustion requirement unsatisfied. *Duncan*, 513 U.S. at 365-66. For a habeas petitioner to fairly present a federal claim to state courts:

> It is not sufficient merely that the federal habeas petitioner has been through the state courts . . . nor is it sufficient that all the facts necessary to support the claim were before the state courts or that a somewhat similar state-law claim was made. Rather, in order to ensure that state courts have the first opportunity to hear all claims, federal courts "have required a state prisoner to present the state courts with the same claim he urges upon the federal courts." While we do not require a verbatim restatement of the claims brought in state court, we do require that a petitioner presented his claims to the state court "such that a reasonable reader would understand each claim's particular legal basis and specific factual foundation."

> While these broad principles are relatively clear, the district court correctly noted that many courts have struggled to pinpoint the minimum requirements that a habeas petitioner must meet in order to exhaust his remedies. For instance, the Supreme Court recently wrote that a petitioner wishing to raise a federal issue in state court can do so "by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.' " *Baldwin v. Reese*, 541 U.S. 27, 32, 124 S. Ct. 1347, 1351, 158 L.Ed.2d 64 (2004). If read in a vacuum, this *dicta* might be thought to create a low floor

> indeed for petitioners seeking to establish exhaustion. However, we agree with the district court that this language must be "applied with common sense and in light of the purpose underlying the exhaustion requirement [:] to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." This is consistent with settled law established by the Supreme Court. We therefore hold that "'[t]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.' "

*McNair v. Campbell*, 416 F.3d 1291, 1302–03 (11th Cir. 2005) (internal citations omitted).

Simply put, "[t]he exhaustion doctrine requires the petitioner to 'fairly present' his federal claims to the state courts in a manner to alert them that the ruling under review violated a federal constitutional right." *Pearson v. Sec'y, Dep't of Corr.*, 273 F. App'x 847, 849-50 (11th Cir. 2008) (citation omitted).   As part of such a showing, the claim presented to the state courts "must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." *Reedman v. Thomas*, 305 F. App'x 544, 545–46 (11th Cir. 2008) (internal citation omitted).

In raising Claim One in the state courts, Petitioner made no reference to his federal constitutional rights, and as a result, he did not properly exhaust this claim (Ex. 6). *See Pearson*, 273 F. App'x at 847 (claim unexhausted when petitioner cited exclusively to state cases, all of his substantive arguments addressed state law, and nothing in the argument alerted the state court to a federal due process claim).   Petitioner has not alleged that some external factor impeded his efforts to properly raise this claim on direct appeal. *Wright*, 169 F.3d at 703.   Nor has Petitioner presented new, reliable evidence to support an actual innocence claim. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).   Florida's procedural rules and time limitations preclude a second direct appeal. *Fla. R. App. P. 9.140(b)(3)* (defendant wishing to appeal a final judgment must do so within "30 days

following rendition of a written order").   Consequently, in addition to being unexhausted, Claim One is procedurally barred and cannot be considered by this Court.

Even assuming *arguendo* that Petitioner exhausted this claim, he is not entitled to habeas relief. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").   This is not a situation in which exculpatory evidence was withheld from the defense so as to implicate *Brady v. Maryland*, 373 U.S. 83 (1963).[5]   To the contrary, Petitioner's counsel admitted that Elyse Bekiempis had been listed as a defense witness and her report was provided in original discovery, but complained that she had not specifically been listed as an expert witness (T at 5-6, 9, 99, 118-20).[6]   The state pointed out that its discovery notice also revealed that photographs and gel lifts were disclosed to the defense, but that the defense had failed to review the disclosed items. *Id.* at 10, 11.   The trial court denied the motion to exclude the expert testimony, finding that Petitioner had not been prejudiced because he had received ample notice of Bekiempis' testimony. *Id.* at 13, 123, 129-30.

To the extent Petitioner argues that the prosecutor violated Florida's discovery rules by failing to provide adequate notice of inculpatory evidence, habeas relief does not lie for errors of state law. *Wilson v. Corcoran*, 562 U.S. 1, 16 (2010).   Moreover, there is no general constitutional right to discovery in a criminal case. *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977) ("It does not follow from the prohibition against concealing

---

[5] In *Brady*, the Supreme Court held that withholding exculpatory evidence violates due process "where the evidence is material either to guilt or to punishment." 373 U.S. at 87.

[6] The state insisted that Bekiempis was not testifying as an expert and it had no obligation to designate her as an expert (T at 4, 99-100, 107, 111).

evidence favorable to the accused that the prosecution must reveal before trial the names of all witnesses who will testify unfavorably."); *Wardies v. Oregon*, 412 U.S. 470, 474 (1973) ("[T]he Due Process Clause has little to say regarding the amount of discovery which the parties must be afforded[.]"); *United States v. Ruiz*, 536 U.S. 622, 628 (2002) ("The Constitution does not require the prosecutor to share all useful information with the defendant.").   Because the Supreme Court has not mandated that a state court follow its own rules for discovery, Petitioner has not shown that the Second DCA's denial of this claim was contrary to, or an unreasonable application of, clearly established federal law. Claim One is denied.

### B.    Claim Two

Petitioner asserts that trial counsel was ineffective for failing to object to the introduction of a pair of sneakers on the grounds that the state had not established a proper foundation or chain of custody for their introduction (Doc. 1 at 7).   Petitioner raised this claim in his Rule 3.850 motion, where it was denied by the post-conviction court:

> In order to bar the introduction of evidence on chain of custody grounds, a defendant must show that there was a probability of tampering with the evidence, and a mere possibility of tampering is insufficient. *Taylor v. State*, 855 So. 2d 1 (Fla. 2003).   However, Defendant has not alleged a tampering claim.   Instead, Defendant claims that he was barefoot at the time of his arrest, that law enforcement officers provided him with sneakers to wear, and that the officers at the jail were mistaken that the sneakers taken from him actually belonged to him.   Thus, the chain of custody of the sneakers is not the issue, and therefore, counsel had no valid basis upon which to object to the introduction of the sneakers.
>
> Likewise, Defendant's counsel did not have a valid objection on foundation grounds.   The trial testimony of Sergeant Wrobleski provided sufficient foundation for the introduction of the sneakers.   Therefore, it appears that Defendant's complaint is really that Sgt. Wrobleski's identification of the shoes was not reliable.   However, that merely goes to the weight of the evidence and the credibility of the witness.

> Thus, any objection made by counsel on lack of foundation or
> chain of custody grounds would not have been meritorious.
> Counsel cannot be deemed deficient for failing to make a
> meritless objection, thus this claim is denied. *Raleigh v. State,*
> 932 So. 2d 1054 (Fla. 2006).

(Ex. 10b at 490-91) (internal citations to the record omitted).   Florida's Second District Court of Appeal *per curiam* affirmed (Ex. 13).   Petitioner has not shown how the state court's adjudication of this claim was contrary to *Strickland* or based upon an unreasonable determination of the facts.

Sergeant Jason Wrobleski testified that Petitioner was wearing Franklin sneakers when he questioned him (T at 189-90).   Wrobleski asked Petitioner to remove his shoes, and they were placed into evidence. *Id.* at 90-91.   He testified that the shoes in evidence appeared to be the same as the ones taken from Petitioner. *Id.* at 138.   Other than his mere assertion that counsel should have challenged the shoes' chain of custody, Petitioner provides no basis upon which counsel could have objected to this evidence. Under Florida law, "[a] bare allegation by a defendant that a chain of custody has been broken is not sufficient to render relevant physical evidence inadmissible." *Floyd v. State,* 850 So.2d 383, 399 (Fla. 2002).   In the instant case, Petitioner does not even make this bare allegation.   Moreover, Wrobleski's testimony laid an adequate foundation for the introduction of the shoes. *See* Florida Statute § 90.901 ("Authentication or identification of evidence is required as a condition precedent to its admissibility. The requirements of this section are satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.").   Reasonable counsel could have declined to object to the introduction of Petitioner's shoes.   He has failed to satisfy the first prong of *Strickland*, and Claim Two is denied.

**C.    Claim Three**

Petitioner asserts that trial counsel was ineffective for failing to review and use a surveillance videotape "which was exculpatory and of great evidentiary value." (Doc. 1 at 8).   Petitioner raised this claim in his Rule 3.850 motion, and an evidentiary hearing was held.   After the hearing, the post-conviction court denied the claim in open court (Ex. 10B at 639).   The post-conviction court also made a written finding:

> Defendant contends that his trial counsel was ineffective for failing to review a surveillance videotape from the Eagle Creek Guard gate, which would show someone else riding the golf cart allegedly taken by Defendant.   An evidentiary hearing was held on this claim on August 5, 2011.   Defendant testified at the hearing that he was not on the videotape, that someone other than himself was driving the golf cart. Defendant testified that the individual on the videotape did not have tattoos on his forearms.   Defendant displayed his forearms to the court to demonstrate that his arms have tattoos.   However, no evidence was presented during the hearing that Defendant had those tattoos at the time the offenses were committed.   The Court notes that it is possible that Defendant could have had those tattoos placed on his forearms while in custody.   Defendant's trial counsel, David Whiting, also testified at the evidentiary hearing.   Mr. Whiting testified that he had reviewed the videotape and he made a strategic decision not to use it during Defendant's trial.   Mr. Whiting testified that the videotape was so blurry and indistinct that it offered no probative value to Defendant's defense.   Mr. Whiting stated that in his opinion the videotape was not exculpatory.
>
> The Court denied this claim in open court following the evidentiary hearing.   The Court reviewed the videotape in question during the hearing and found that it had no evidentiary value.   The decision not to play the videotape during Defendant's trial was a strategic decision made by trial counsel.   Defendant has failed to meet his burden of overcoming the presumption that counsel's decision was the product of reasonable trial strategy.   Therefore, this Court will not second guess the strategic decisions made by trial counsel, thus, this claim is denied.

(Ex. 10B at 491) (internal citations omitted).   The post-conviction court's denial of this claim was *per curiam* affirmed by Florida's Second District Court of Appeal (Ex. 13).

As pointed out by the post-conviction court, counsel did not overlook or ignore the surveillance videotape.   Instead, at the evidentiary hearing on this claim, counsel testified that he viewed the videotape prior to trial and chose not to use it (Ex. 10B at 628-30). Counsel did not believe that the tape was exculpatory or probative and believed that the state's failure to play the video "left a reasonable doubt in the jury's mind as to what was on the tape." *Id.* at 630.[7]   This is within the realm of reasonable trial strategy. *See Hutchinson v. Bell*, 303 F.3d 720, 249 (6th Cir. 2002) (counsel's decisions regarding the evidence to present are presumed to be matters of trial strategy).   To the extent that counsel's decision to forego offering the videotape as evidence was a strategic decision, it is virtually unassailable. *See Strickland*, 466 U.S. at 690 ("Strategic choices made after a thorough investigation are virtually unassailable.").

The state court's adjudication of this claim was not contrary to *Strickland*, nor was it based on an unreasonable determination of the facts presented in the state court proceeding. Accordingly, Claim Three is denied pursuant to 28 U.S.C. § 2254(d).

### D.      Claim Four

Petitioner asserts that trial counsel was ineffective for failing to investigate and present the testimony of alibi witness Lacy Flynn (Doc. 1 at 8).   Petitioner raised this claim in his Rule 3.850 motion, and an evidentiary hearing was held.   At the hearing, counsel told the post-conviction court that he learned of Petitioner's alleged alibi witness

---

[7] During closing argument, counsel commented on the state's failure to show the videotape, suggesting that the state had something to hide:

> [Y]ou also heard a little testimony about a videotape.   We've never seen that videotape.   Why not?   We heard testimony about the videotape.   We haven't seen it.   Nothin' on it.

(Ex. 10B at 454).

for the first time during the Rule 3.850 proceedings (Ex. 10B at 627, 632).  Petitioner

testified that he told counsel about Flynn prior to trial, and that counsel was lying when

he stated that he had not done so (Ex. 10B at 617, 633).

After the hearing, the post-conviction court denied this claim in open court (Ex. 10B

at 639).  The court also made a written finding with respect to this claim (Ex. 10B at 491-

92).  The court recognized that the testimony of Petitioner and counsel were in conflict,

but stated that "[t]here is nothing in the record to support this claim.  The alibi witness

was not called during the evidentiary hearing to testify, there was no evidence as to the

substance of her testimony, and no evidence presented that she was even available to

testify during Defendant's trial." *Id.* at 492.  Florida's Second District Court of Appeal *per

curiam* affirmed.

As determined by the post-conviction court, Petitioner's failure to offer any support

for his allegations defeats this claim.  Self-serving speculation as to the testimony of

uncalled witnesses will not sustain an ineffective assistance claim.  *See Gasanova v.

United States*, No. EP-01-cr-1423-DB, 2007 WL 2815696, at *9 (W.D. Tex. September 6,

2007) (citations and footnotes omitted).  A petitioner cannot simply state that the

testimony would have been favorable. *Id.*  In the case of an uncalled witness, at the very

least, the petitioner must submit an affidavit from the uncalled witness stating the

testimony he or she would have given had they been called to testify. *Id.*  Petitioner has

not made the requisite factual showing, and his self-serving speculations will not sustain

this claim of ineffective assistance of counsel. *Aldrich v. Wainwright*, 777 F.2d 630, 636

(11th Cir. 1985) (speculation insufficient to carry the burden of a habeas corpus petitioner

as to what evidence could have been revealed by further investigation); *Johnson v.

Alabama*, 256 F.3d 1156 (11th Cir. 2001) (mere speculation that missing witnesses would

have been helpful is insufficient to meet a petitioner's burden of proof).

The state court's adjudication of this claim was not contrary to *Strickland*, nor was it based on an unreasonable determination of the facts presented in the state court proceeding.   Claim Four is denied pursuant to 28 U.S.C. § 2254(d).

### E.   Claim Five

Petitioner asserts that trial counsel was ineffective for failing to move for a judgment of acquittal on the grand theft charge because the state failed to prove the value of the stolen items (Doc. 1 at 8).   Petitioner raised this claim in his Rule 3.850 motion, and it was denied by the post-conviction court:

> In *Gilbert v. State*, 817 So. 2d 980 (Fla. 4th DCA 2002), the court addressed the two-prong test for determining whether evidence adduced at trial to prove the value of stolen property is sufficient to withstand a motion for judgment of acquittal. First, the court must ascertain whether the person testifying is competent to testify to the value of the property.   Second, if the person is competent, the court must ascertain whether the evidence adduced at trial is sufficient to prove that the property was worth over $300 at the time of the theft. *Id.* at 982.   With regard to the first prong, an owner is generally presumed competent to testify to the value of his stolen property as long as he has personal knowledge of the property.   *Taylor v. State*, 425 So. 2d 1191 (Fla. 1st DCA 1983).   In the instant case, there is no question that the victim was competent to assess the value of his stolen property. The victim testified regarding the cost of the computer, printer, and scanner stolen from his home, as well as the value of the silverware and the replacement cost of the electronics.   The victim's testimony was sufficient to establish the value of the stolen property as more [than] $300 and to overcome a motion for judgment of acquittal.

(Ex. 10B at 492). Florida's Second District Court of Appeal *per curiam* affirmed the post-conviction court's denial of this claim (Ex. 13).

Under Florida law, a motion for a judgment of acquittal is designed to test the sufficiency of the evidence against a defendant. *Joiner v. State*, 618 So. 2d 174, 176 (Fla.

1993).   A trial court may not grant a motion for a judgment of acquittal "unless the evidence is such that no view which the jury may lawfully take of it favorable to the opposite party can be sustained under the law." *Miller v. State*, 782 So. 2d 426 (Fla. 2d DCA 2001) (quoting *Lynch v. State*, 293 So. 2d 44, 45 (Fla. 1974)).   The party moving for a judgment of acquittal admits the facts adduced in evidence and every conclusion favorable to the state which is fairly and reasonably inferable therefrom. *Spinkellink v. State*, 313 So. 2d 666, 670 (Fla. 1975).   If the state has produced competent evidence to support every element of a crime, a judgment of acquittal is not proper. *Gay v. State*, 607 So. 2d 454, 457 (Fla. 1st DCA 1992).

Under Florida law, "[i]t is grand theft of the third degree and a felony of the third degree . . . if the property stolen is [v]alued at $300 or more, but less than $5,000." Fla. Stat. § 812.014(c)(1) (2006).   At Petitioner's trial, victim Frank Murnane testified that computer equipment taken from his home was worth "well over a thousand dollars." (T. at 32).   He testified that sterling silver heirlooms taken from his home were worth "probably a number of thousands of dollars." *Id.*   He paid approximately a thousand dollars to replace his computer which no longer worked when it was returned by the police. *Id.* at 33.   The state produced competent evidence to prove that the value of the items stolen exceeded $300.     Counsel was not deficient for failing to argue this issue in a motion for judgment of acquittal because such an argument would have been rejected by the trial court as foreclosed by Florida law. *Rasheed v. Smith*, 221 F. App'x 832, 836 (11th Cir. 2007) (failure to file a motion which would be futile is not deficient performance of counsel under *Strickland* ). Claim Five fails to satisfy either prong of *Strickland*, and is denied.

F.   **Claim Six**

Petitioner asserts that the evidence was insufficient to sustain a conviction on the charge of grand theft (Doc. 1 at 8).   Petitioner raised this claim in his Rule 3.850 motion where it was dismissed by the post-conviction court as procedurally barred because claims challenging the sufficiency of the evidence must be raised on direct appeal (Ex. 10B at 492) (citing *Betts v. State*, 792 So. 2d 589 (Fla. 1st DCA 2001)).   Florida's Second District Court of Appeal *per curiam* affirmed (Ex. 13).

A petitioner requesting a federal writ of habeas corpus must have presented his claims to the state courts in the procedurally correct manner. *Upshaw v. Singletary*, 70 F.3d 576, 579 (11th Cir. 1995).   The procedurally correct way to raise a claim challenging the sufficiency of the evidence in state court is by direct appeal. *See Betts*, 792 So. 2d at 590 ("To the extent that the allegations challenged the factual basis and sufficiency of the evidence, such claims cannot be raised in a Rule 3.850 motion, especially where (as occurred in the instant case) a direct appeal was taken."); *Smith v. State*, 445 So.2d 323, 325 (Fla. 1983) ("Issues which either were or could have been litigated at trial and upon direct appeal are not cognizable through collateral attack.").   In Florida, a District Court of Appeal's *per curiam* affirmance of a circuit court's ruling explicitly based on procedural default "is a clear and express statement of its reliance on an independent and adequate state ground which bars consideration by the federal courts." *Harmon v. Barton*, 894 F.2d 1268, 1273 (11th Cir. 1990).

In the instant case, a direct appeal was taken, and the appellate court affirmed Petitioner's convictions and sentences (Ex. 8).   Because Petitioner failed to properly raise this claim in the appropriate state court proceedings, resulting in the application of a procedural bar by the state courts, the claim is likewise procedurally barred from review in this Court.   Petitioner has failed to demonstrate cause for not raising this claim in the

state courts or actual prejudice resulting from the errors of which he complains. Petitioner cannot overcome the procedural bar, and Claim Six is dismissed.

### G. Claims Seven and Eight

In Claim Seven, Petitioner asserts that trial counsel was ineffective for conceding Petitioner's guilt during closing arguments without his permission and for failing to have the closing arguments transcribed (Doc. 1 at 8).   In Claim Eight, Petitioner asserts that his trial counsel was ineffective in preparing the "Statement of Judicial Acts to be Reviewed," which specifically asked the appellate court to review the trial court's denial of his motion for a judgment of acquittal.   Petitioner argues that counsel was ineffective for not having the closing arguments transcribed and submitted as part of the appellate record (Ex. B at 471).[8]

Petitioner raised these claims in his Rule 3.850 motions, and the post-conviction court denied both as conclusively refuted by the record (Ex. 10B at 493).   The court noted that: (1) the closing arguments had undoubtedly been transcribed because the state provided a transcript of the closing arguments with its response to Petitioner's motion; (2) defense counsel "did not concede [Petitioner's] guilt at any point" during closing argument; (3) "counsel argued repeatedly, including his rebuttal argument, that the State had not proven its case beyond a reasonable doubt and that the shoeprint evidence was

---

[8]   This is the claim as set forth in Petitioner's amended Rule 3.850 motion (Ex. 10B at 470).   In the instant petition, Petitioner makes the statement that counsel did *not* include in the Statement of Judicial Acts to be Reviewed, "the trial court's denial of the motion for judgment of acquittal." (Doc. 1 at 8).   This Court assumes that the instant petition contains a typographical error and that Petitioner intended to raise the same claim as was raised in his Rule 3.850 motion.   However, to the extent Petitioner actually intended to raise a new, completely inconsistent claim, it is unexhausted in state court and cannot be considered by this Court.

unreliable."; and (4) the decision of whether or not to order trial transcripts on a direct appeal was a decision made by Petitioner's appellate counsel. *Id.*

Petitioner has procedurally defaulted these claims because, while he raised them in his Rule 3.850 motions and an evidentiary hearing was held, he did not raise either claim on appeal from the denial of his Rule 3.850 motion (Ex. 11).   In his brief on appeal of the denial of his Rule 3.850 motion, Petitioner challenged the post-conviction court's ruling on only four of the nine claims raised in the motion.   Pursuant to Rule 9.141(b)(3) of the Florida Rules of Appellate Procedure, failure to fully brief and argue points on appeal after receiving an evidentiary hearing on a Rule 3.850 motion constitutes a waiver of those claims. *See e.g. Leonard v. Wainwright*, 601 F.2d 807, 808 (5th Cir. 1979) (Florida prisoner must appeal denial of Rule 3.850 relief to exhaust remedies);[9] *Coolen v. State*, 696 So. 2d 738, 742 n.2 (Fla. 1997) (Failure to fully brief and argue points on appeal constitutes a waiver of these claims.).

The "one complete round" exhaustion requirement set forth in *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999) applies to post-conviction review as well; a prisoner must appeal the denial of post-conviction relief in order to properly exhaust state remedies. *LeCroy v. Sec'y, Dep't of Corr.*, 421 F.3d 1237, 1261 (11th Cir. 2005) (as Florida prisoner failed to properly exhaust claim on direct appeal or Rule 3.850 appeal, it was procedurally barred, citing *Coleman*); *Pope v. Rich*, 358 F.3d 852, 854 (11th Cir. 2004)("*Boerckel* applies to the state collateral review process as well as the direct appeal process"); *Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003) ("A § 2254 habeas petition 'shall not be

---

[9] The Eleventh Circuit adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State, to raise, by any available procedure, the question presented.'") (citing 28 U.S.C. § 2254(c)).

A petitioner who fails to exhaust his claim" is procedurally barred from pursuing that claim on habeas review in federal court unless he shows either cause for and actual prejudice from the default or a fundamental miscarriage of justice from applying the default." *Lucas v. Sec'y, Dep't of Corr.*, 682 F.3d 1342, 1353 (11th Cir. 2012).   Petitioner has made none of the requisite showings to excuse the default. *Coleman*, 501 U.S. at 734–35.   Accordingly, these claims are dismissed as unexhausted and procedurally barred.

Moreover, a review of the record supports the state court's adjudication of these claims. *See* 28 U.S.C. § 2254(b)(2) (allowing a district court to deny an unexhausted claim on the merits).   The state attached a copy of counsel's closing argument to its response to Petitioner's Rule 3.850 motion (Ex. 10B at 437-457).   Even if trial counsel did not order a copy of the transcribed argument (a finding not made by this Court), Petitioner does not explain how he suffered prejudice from the omission; the transcript clearly exists.   In addition, a review of counsel's closing argument supports the state court's factual finding that he did not concede Petitioner's guilt.   To the contrary, counsel argued that the footprint found at the crime scene did not belong to Petitioner's sneaker; that the state could not prove that Petitioner was ever in the victim's home; and that no fingerprints were found in the victim's home (*Id.* at 437-41, 454).   Counsel strenuously argued that there was reasonable doubt as to who committed the burglary. *Id.* at 455.   Finally, appellate counsel did not raise on direct appeal a claim that the trial court erred by denying the motion for a judgment of acquittal (Ex. 6).   Accordingly, appellate counsel's

possession of the closing argument transcript is irrelevant, and Petitioner could not have suffered prejudice from its absence.

In addition to being unexhausted, Claims Seven and Eight fail to satisfy either *Strickland* prong and are denied pursuant to 28 U.S.C. § 2254(d).

### H.    Claim Nine

Petitioner asserts that the state improperly used his prior convictions to have him sentenced as a Habitual Felony Offender (Doc. 1 at 10).   Specifically, Petitioner argued in his Rule 3.800 motion for resentencing that "[e]nhancement and sentencing under § 775.084 was erroneous due to the lack of separately sentenced felonies to support sentencing as a habitual offender." (Ex. 14 at 3).   The Rule 3.800 motion was denied by the trial court (Ex. 18).   Florida's Second District Court of Appeal *per curiam* affirmed (Ex. 25).

Respondent contends that Petitioner is not entitled to relief on this claim because it concerns a matter of state sentencing law, which is not cognizable in a federal habeas corpus proceeding.   Indeed, on habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a).   Even when a petition that actually involves state law issues is "couched in terms of equal protection and due process," this limitation on federal habeas corpus review is of equal force. *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) (quoting *Willeford v. Estelle*, 538 F.2d 1194, 1196-98 (5th Cir. 1976)).   Errors which do not infringe upon federally protected rights provide no basis for federal habeas relief. Petitioner's habitual felony offender sentence does not violate the United States Constitution.   It is well-settled in the Eleventh Circuit that federal courts cannot review a

state's failure to adhere to its own sentencing procedures. *See Branan v. Booth*, 861 F.2d at 1508; *Carrizales v. Wainwright*, 699 F.2d 1053 (11th Cir. 1983).

Claim Nine raises an issue of purely state law and as such, it is not properly before this Court.   Accordingly, Claim Nine is dismissed.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

## IV.   <u>Certificate of Appealability</u>[10]

Petitioner is not entitled to a certificate of appealability.   A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1).   Rather, a district court must first issue a certificate of appealability ("COA").   "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003). Petitioner has not made the requisite showing in these circumstances.

Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis.*

---

[10]   Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *Id.* As this Court has determined that Petitioner is not entitled to habeas corpus relief, it must now consider whether Petitioner is entitled to a certificate of appealability.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.      The Florida Attorney General is **DISMISSED** as a named Respondent.

2.      Claims One, Six, Seven, Eight and Nine of the 28 U.S.C. § 2254 petition for habeas corpus relief filed by Brian T. Allison is **DISMISSED**; the remaining claims are **DENIED**.

3.      Petitioner is **DENIED** a certificate of appealability.

4.      The Clerk of Court is directed to terminate any pending motions, enter judgment accordingly, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this 31st day of July, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: Brian T. Allison
Counsel of Record

- 25 -